Carroll
No. 6800

STATE OF NEW HAMPSHIRE<br>
v.<br>
RICHARD W. PHEENEY

May 30, 1975

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* assistant attorney general *(Mr. Rath* orally), for the State.

*James J. Kalled,* by brief and orally, for the defendant.

PER CURIAM. The specific issue briefed and argued is whether defendant's refusal to take field sobriety tests is admissible for purposes of supporting a police officer's testimony about the conduct and demeanor of an accused.

The defendant, Richard W. Pheeney, was convicted in Wolfeboro District Court for driving while intoxicated. He appealed his conviction to the Carroll County Superior Court. Prior to trial, the defendant filed a motion to suppress certain evidence, alleging that the admission of such evidence would violate his constitutional rights. After a pretrial hearing in Superior Court, *Perkins,* J., denied the motion from which the defendant excepts. The specific issue argued here does not appear to have been raised and ruled on by the trial court. The issues which were ruled on have not been argued here.

Testimony at the pretrial hearing showed the following: On February 4, 1973, at 12:30 a.m., Wolfeboro Police Sergeant Moody and Officer Guy Eldridge were near the center of Wolfeboro when they noticed a Lincoln Continental making a wide right-hand turn onto Route 109. The officers, who were together in a marked cruiser, followed the defendant's car for a short while. They later continued on to the Lake Wentworth area where they were to check some doors.

While so engaged the defendant again passed them, this time

heading towards Brookfield on Route 109. Officer Eldridge began to follow Pheeney, clocking him at sixty miles per hour in an area posted for thirty-five miles per hour traffic. Pheeney straddled the center lane and went about one-quarter mile on the left-hand side of the road. At this time, Officer Eldridge stopped the defendant.

The officers recognized the defendant Pheeney who produced his license for inspection but was unable to produce his registration. A strong odor of alcoholic beverage was detected on the defendant's breath. Eldridge then asked the defendant "to step out of his vehicle, if he would, and . . . perform some sobriety tests for me. He stepped out of his vehicle and stated he would perform sobriety tests. On the way from the driver's side of the vehicle to the front of the car, he staggered very noticeably. [He] got up to the front of the car and actually fell back on the hood of his car. At this time, he stated that he didn't want to do any sobriety test."

Without the test results, Eldridge summarized the events by stating that the defendant was "very unsteady on his feet, a very strong odor of alcoholic beverage on his breath, voice very slurred, and very belligerent manner, blood-shot eyes and all this time saying, 'give me my license back.' " When the defendant refused to submit to the sobriety test, the officer arrested the defendant for driving while intoxicated. *See* RSA 262-A:61-62 (Supp. 1973).

At this point, the case has not been tried, and the officer's credibility has not been attacked. "The assumption is that his testimony is true unless his character for veracity has been assailed, some motive on his part to misrepresent has been shown, or his bias or prejudice has been demonstrated." 1 F. Wharton, Criminal Evidence § 7 (C. Torcia 13th ed. 1972, Supp. 1974). We cannot predict what may occur at the trial which may make the evidence of refusal admissible or inadmissible. The order therefore is

*Remanded.*

DUNCAN, J., did not sit.